Preston A. Pratt Logan County Attorney 710 West 2nd Street Oakley, Kansas 67748
Dear Mr. Pratt:
As the County Attorney for Logan County, you ask whether a county may provide remote access to public records by contracting with a private company for the exclusive right to house the records and charge for access. Should Logan County enter into such an agreement, you ask whether the fees charged for access to the public records are subject to the limitations of cost recovery as prescribed by the Kansas Open Records Act (KORA). Finally, if records are provided to a third party vendor must personal information be redacted before any records are made available by remote access.
You advise that a private company, Allied Information Solutions, Inc. (Allied), has approached Logan County with a proposed contract to provide remote access to certain county records. The key features of the proposed contract are that Logan County will provide Allied copies of selected records and updated versions of those records.[1] Allied will host these records and permit public access for a fee. Logan County will receive 20% of the fees Allied collects when members of the public view Logan County's records.
Your questions touch upon three separate aspects of public records as defined in the KORA.[2] The first is access to public records. The second is the calculation of fees. The third is the redaction of information in public records that may be closed by other laws or constitute a clearly unwarranted invasion of personal privacy. Each of these issues have been examined by this office in the past, but not within the context you have suggested. Given increasing expectations by members of the public that information will be available on demand from any location, a reexamination and assessment is in order.
Logan County is a public agency as defined in KORA and the records mentioned above are public records as defined in KORA.[3] Computer files and data are considered records.[4] The public enjoys a right to examine public records and make copies or abstracts of those records.[5] Paper copies of any of the aforementioned records would be available either in Logan County government offices or by mail from Logan County officials. The availability of records kept in electronic form, either at the site where the records are housed or by remote access is the basis for our review.
Attorney General Carla J. Stovall opined that an agency may establish a separate remote access system for public records and charge a subscription for access within the fee constraints of KORA.[6] In this case, Logan County is not developing the electronic remote access. Allied, as a private firm, will provide the access and storage of the electronic records. Logan County will provide Allied electronic or paper copies of the records. Therefore, once Logan County transmits copies of the records, those copies no longer qualify as public records as defined in KORA because they are no longer in the possession of a public agency.[7] Some records may only be available in electronic form.[8]
Attorney General Robert T. Stephan determined that a private vendor may organize and repackage records received from a public agency for sale as long as the records are not used for a prohibited purpose.[9]
Here, Allied may set up a website for remote access to Logan County records as a commercial enterprise. The distinguishing difference is that Allied and Logan County seek to create an ongoing contractual arrangement wherein Logan County will provide to Allied copies of newly created or updated records. Although not stated in the proposed contract, it is a reasonable assumption that Logan County will provide members of the public and record requestors directions on how and where they may access copies of the records on Allied's website. In return, Allied will remit 20% of any revenue derived from providing access to the Logan County records.
KORA does not address this type of arrangement. Logan County is not obligated under KORA to provide Allied new records as they become available.[10] Should Logan County choose to do so under contract is a matter left to the discretion of the county commissioners using their statutory authority.[11] However, this proposed arrangement may not adversely affect the ability of a person making a request for documents directly from Logan County, including in an electronic format if the record is available in such a format. Previous Attorneys General have determined that KORA requires, by implication, providing records that are kept or created upon computers in their electronic format.[12]
Therefore, the proposed agreement may not grant Allied an exclusive license to provide records that may be obtained directly from Logan County.
KORA provides that an agency may recover its actual cost for making a record available and copying.[13] A private company is not bound by KORA. Allied may charge an access fee based upon its best judgment of what the market will bear. As noted above, Logan County may cooperate with Allied by providing copies of records, but the county may not require a record requestor to use Allied's services or pay Allied's fees in order to access a record that is available directly from the county.
You pose several questions about the responsibility and potential liability concerning the redaction of any personal information from a public record, particularly those within the custody and control of the county register of deeds. It is the responsibility of the record custodian to review a record and separate information that is subject to disclosure from that which is mandatorily or discretionarily closed.[14] Whether redaction should be undertaken at the time the record is filed or when a request is received may depend on whether that information is necessary for the public official to carry out statutory duties.
We are not able to answer questions concerning liability for disclosing personal information as it is impossible to anticipate all of the potentially relevant facts. Information that is statutorily closed may be found in the statute that controls that type of record.[15]
Therefore, prior to providing copies of county records to Allied, or any other requestor, the official custodian of that record should review the record and remove any information required by statute. As the Kansas Supreme Court has determined, if there is a cost to such a review and redaction, it is to be borne by the requestor.[16] However, the county commissioners may make alternative arrangements with Allied for such costs.
In summary, Logan County may enter into a contract with a private company to provide remote computer access to copies of county records. Such a contract does not relieve the county from its requirements under KORA to provide access to records in any format available for a requestor. The fees for access charged by the private company are not subject to KORA. Redaction of information remains the responsibility of the record custodian and should be done prior to the release of records. The cost of redaction may be assigned to the record requestor.
Sincerely,
 Steve Six Attorney General
 Michael J. Smith Assistant Attorney General
SS:MF:MJS:jm
[1] The proposed records include aerial photos, the tax appraisal database, register of deeds database, land parcel information and 911 centerline and address point information.
[2] K.S.A. 45-215 et seq.
[3] K.S.A. 2008 Supp. 45-217(f) and (g).
[4] State ex rel. Stephan v. Harder, 230 Kan. 573, 582 (1982) (considering the prior records statute).
[5] K.S.A. 45-216 and 45-218(a).
[6] Attorney General Opinion No. 95-64.
[7] The ability to duplicate and transfer electronic records does not alter the fact that if an agency retains the original, that record is subject to KORA.
[8] See K.S.A. 45-501.
[9] Attorney General Opinion No. 94-104.
[10] Attorney General Opinion No. 98-51.
[11] K.S.A. 19-212 Sixth.
[12] See Attorney General Opinions No. 88-152 and 89-106 discussing the application of K.S.A. 2008 Supp. 45-221(a)(16)(B) with records in electronic media.
[13] K.S.A. 45-219(c)(1).
[14] K.S.A. 2008 Supp. 45-221(d).
[15] K.S.A. 2008 Supp. 45-221(a)(1). See K.S.A. 2008 Supp. 75-3520
(social security numbers).
[16] Data Tree, LLC v. Meek, 279 Kan. 445, 465 (2005).